David S. Toy, Esq., CA SBN 168368
Email: davidstoyesq@gmail.com
Gilman & Allison LLP
Sunrise Lake Center
9307 Broadway, Suite 407
Pearland, TX 77584
Telephone:  888 225 5767
Facsimile:   866 543 3643
Attorneys for Plaintiffs, Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr.; Juan Soto; Amira Soto; and Alonzo Soto



FILED
CLERK, U.S. DISTRICT COURT
OCT 2 3 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr.; Juan Soto; Amira Soto; and Alonzo Soto,<br><br>Plaintiffs,<br><br>vs.<br><br>M/V STAR EVVIVA, her tackle, apparel, etc., *in rem*, and GRIEG SHIPPING II AS,<br><br>Defendants. | Case Number:<br><br>**CV12-09093 RGK (SSx)**<br><br>ADMIRALTY - Rule 9(h)<br><br>**PLAINTIFFS' VERIFIED ORIGINAL COMPLAINT** |

TO THE HONORABLE UNITED STATES DISTRICT/MAGISTRATE JUDGE:

Plaintiffs[1] file their Verified Original Complaint complaining of the *M/V STAR EVVIVA*, her equipment and appurtenances, etc., *in rem* ["Vessel"], and Grieg Shipping II AS, *in personam*, [sometimes collectively "Defendants"] seeking relief under general maritime law for wrongful death and survival caused by the negligence of said Vessel. Accordingly, Plaintiffs would respectfully show unto this Honorable Court as follows:

---

[1] Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr., Juan Soto, Amira Soto, and Alonzo Soto.

I.

## JURISDICTION AND VENUE

1.01   Plaintiffs' claims against the Vessel, *in rem*, and Grieg Shipping II AS, *in personam*, present an admiralty or maritime case within the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, and are brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and any other applicable laws and/or provisions.

1.02   Venue for Plaintiffs' claims is proper in this District pursuant to Rule 82, FED. R. CIV. P., because the Vessel is currently moored alongside the dock in the Port of Los Angeles and may be arrested to enforce a maritime lien in accordance with the provisions of Rule C.

1.03   At all times material hereto, Defendant *M/V STAR EVVIVA* was and still is a vessel, registered in Norway, with IMO number 8011330, and, is now, or will be during the pendency of this action, within the Central District of California and subject to the jurisdiction of this Honorable Court.

II.

## PARTIES

2.01   Plaintiff, Juanita Soto, is a Texas resident, and is the surviving spouse and Personal Representative of the Deceased's Estate.

2.02   Plaintiff, Alfredo Soto, Jr., is a Texas resident and the Deceased's child.

2.03   Plaintiff, Juan Soto, is a Texas resident and the Deceased's child.

2.04   Plaintiff, Amira Soto, is a Texas resident and the Deceased's child.

2.05   Plaintiff, Alonzo Soto, is a Texas resident and the Deceased's child.

2.06   On information and belief, Defendant, in rem, the *M/V STAR EVVIVA* (IMO-8011330, Call Sign LAHE2), is a Norwegian-flagged bulk carrier of 24,479

gross tons built in 1982, and presently occupies a berth within the Port of Los Angeles and this District during the pendency of these proceedings.

2.07 Defendant, *in personam*, GRIEG SHIPPING II A/S ["Grieg"], is a foreign entity that reportedly owns, operates and/or manages the *M/V STAR EVVIVA*, and is subject to this Court's general and specific jurisdiction; Grieg has substantial and/or continuous and systematic activities with the United States - including the Central District of California - and its alleged negligence directly and proximately caused the premature death of Alfredo Soto, Sr. Grieg does not have a regular place of business or a registered agent for service of process in California or this District and, therefore, may be served with process:

(a) in compliance with Federal Rule of Civil Procedure 4 by mailing a copy of the documents to be served via registered or certified mail to:

> The President or Officer in Charge of
> Grieg Shipping Group A/S
> Grieg-Gaarden
> C. Sundts gate 17-19
> 5004 Bergen
> Norway

AND/OR

(b) pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents by mailing two copies of Request for Service Form together with two (2) copies of the documents (with translations thereof, if applicable) to be served to:

> Norwegian Ministry of Justice and the Police
> Department of Civil Affairs
> Postboks 8005 dep
> 0030 OSLO
> Norway

3

# III.

# FACTS

3.01 On or about the afternoon of March 1, 2010, Alfredo Soto, Sr., Deceased, was working as a longshoreman by and under the direction of his stevedore employer, Port Cooper/T. Smith ["Cooper"], in and about the *M/V STAR EVVIVA*, while starboard-side alongside City Dock #23, within the Port of Houston, Texas.

3.02 Through its duly authorized agents, the *M/V STAR EVVIVA* permitted and invited longshoremen to come aboard and perform certain work thereon. In the performance of his duties, the Deceased, with fellow longshoremen, boarded said vessel and began laboring in her service.

3.03 At the time in question, discharge was being performed from Hold No. 3 to an offshore barge utilizing the vessel's shipboard gantry crane. In order to accomplish this, the gantry crane was required travel forward and aft along the deck and, during this process, struck the Deceased.

3.04 Due to unresponsive and/or continued travel of the crane, the Deceased was forcibly dragged for some distance and eventually crushed between the crane's leg and deck surface/railings on the walkway, causing numerous blunt force injuries, including, without limitation: abrasions and contusions to his abdomen, left lower back, and left leg; liver lacerations; and fractures of the ribs, sternum, and pelvis.

3.05 Due to the internal trauma associated with his injuries, the Deceased developed pooling of blood between his abdominal wall and abdominal organs. Despite maintaining consciousness for more than an hour in the arms of his son, Alfredo Soto, Jr., the Deceased tragically succumbed to his injuries after being moved off the ship and loaded onto a dockside ambulance.

3.06 Alfredo Soto, Sr. is survived by his loving wife, Juanita Soto, his adult daughter, Amira Soto, and three adult sons, Alonzo Soto, Juan Soto, and Alfredo Soto, Jr.

# IV.

## CAUSES OF ACTION/SUBSTANTIVE CLAIMS

### A. § 905(b) NEGLIGENCE

4.01  Defendants are liable for the subject accident and Plaintiffs' injuries and resulting damages by reason of negligence and conditions attributable to the Vessel, directly and/or vicariously, by and through its agents, representatives, and/or employees in one or more of the following particulars:

a. Failing to provide the Deceased and other longshoremen with a safe place to work;

b. Failing to discharge the duties prescribed by 33 U.S.C. § 905(b);

c. Failing to inform and/or warn of the foreseeable risk for becoming caught between parts of the crane in motion and other fixed structures of the vessel, while working on deck in proximity of the crane - a dangerous condition which was unknown to the longshoremen, yet known, or **should have been known**, in the exercise of reasonable care to the vessel, its agents, representatives or employees;

d. Failing to install or equip the vessel and its equipment - in particular its gantry crane(s) and component parts - with physical protective barriers to prevent personnel (including longshoremen) access into areas with unguarded pinch (crush) points between parts of the crane in motion and other fixed structures;

e. Failing to provide and/or properly mark areas around the crane(s) where it is safe for longshoremen and other personnel to stand or traverse the length of the vessel during gantry crane operation;

f. Failing to install or equip the vessel and its equipment - in particular its gantry crane(s) and component parts - with proximity device(s) to shut down crane travel if personnel (including longshoremen) are in danger of becoming caught between parts of the crane in motion and other fixed structures of the vessel;

g. Failing to install or equip the vessel and its equipment - in particular its gantry crane(s) and component parts - with a machine guard (extending down to the tracks) to protect against entry into the hazardous location from all directions (full enclosure from the hazard);

h. Failing to install or equip the vessel and its equipment - in particular its gantry crane(s) and component parts - with reasonably adequate equipment and devices so as to enable the operator to avoid the circumstances which led to the Deceased's death;

i.     Failing to have the vessel and/or its equipment in a reliable condition such that the stevedore could depend on to conduct cargo operations with reasonable safety;

j.     Failing to comply with certain safety standards[2], statutes, and regulations designed to prevent incidents of this sort, including, but not limited to, the following:

    (1)    29 CFR Part 1910, General Industry Standards;

    (2)    29 CFR Part 1915, Shipyard Employment Standards;

    (3)    29 CFR Part 1917, Marine Terminals Standards;

    (4)    29 CFR Part 1918, Longshoring Standards;

    (5)    29 CFR Part 1919, Gear Certification Standards;

    (6)    29 CFR Part 1926, Construction Standards;

    (7)    ISO 12480, Cranes - Safe use;

    (8)    ISO 10245, Cranes - Limiting and indicating devices; and/or

    (9)    ILO Convention No. 152

k.    Failing to properly supervise, train, crew and man the *M/V STAR EVVIVA*;

l.     Failing to provide competent persons on the *M/V STAR EVVIVA* attentive to their duties;

m.   Failing to have in place sufficient and appropriate company policies to insure safe operation of their vessels, including the *M/V STAR EVVIVA*;

n.    Failing to provide adequate safety equipment;

o.    Failing to maintain safe premises;

p.    Failing to provide adequate and immediate medical attention;

q.    Providing employees with negligent instructions and orders; and

r.     Other acts so deemed negligent, particulars to be shown at trial of this cause.

---

[2] *See, e.g.*, 29 CFR 1918.55.

4.02 Plaintiffs would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

4.03 The Deceased's death was not culminated by any contributing fault of his own, but solely the incompetence, inattention, lack of care, disregard and otherwise completely unreasonable conduct of the *M/V STAR EVVIVA* and her officers and crew.

**B. GROSS NEGLIGENCE**

4.04 The condition of the Vessel's cargo gear or equipment encountered by the Deceased exposed him to a fatal hazard during its use. In conducting operations before the subject incident, Defendants were notified of the severe injury potential associated with unguarded moving machinery, such as with the gantry crane in this matter. Nevertheless, Defendants knowingly caused and required the Deceased and others to continue to work in the presence of accessible unguarded pinch (crush) point(s).

4.05 Defendants proceeded with knowledge or conscious indifference in not taking preventative and remedial action for the safety and welfare of the Deceased and others by failing to alleviate the extreme risk posed by unguarded moving machinery.

4.06 Defendants knew, or should have been aware, that a high likelihood existed that an accident would ensue if work continued in the face of such unreasonably dangerous condition(s), yet decided to disregard same in imposing the unguarded, defective, unsafe and otherwise deplorable condition(s) of the vessel upon the rights, safety, and welfare of longshoremen laboring aboard her, including the Deceased.

## V.

## DAMAGES

### COUNT ONE: SURVIVAL
### Juanita Soto, on behalf of the Deceased's Estate

5.01   If the Deceased had lived, he could have maintained a cause of action for injury to his health, reputation, or person, and would have been entitled to recover upon same. Now, because he has passed away, his spouse, Juanita Soto, brings this survival action on behalf of his estate to prosecute the foregoing.

5.02   Accordingly, Plaintiff, Juanita Soto, as Personal Representative of the Estate of Alfredo Soto, Sr., Deceased, hereby seeks all elements of damages allowed under general maritime law, as supplemented by state law, including: (1) conscious physical pain and suffering; (2) reasonable value of medical care; and (3) funeral and burial expenses, all of which proximately resulted from the negligence of Defendants.

### COUNT TWO: WRONGFUL DEATH
### Juanita Soto, Individually; Alfredo Soto, Jr.; Juan Soto; Amira Soto; and Alonzo Soto.

5.03   Due to Defendants' wrongful conduct, Plaintiffs Juanita Soto (surviving spouse of the Deceased); Amira Soto (adult daughter of the Deceased); Alonzo Soto, Juan Soto, and Alfredo Soto, Jr. (three adult sons of the Deceased) have sustained - and will continue to sustain in the future - loss of companionship and society, loss of inheritance, loss of household services, and pecuniary loss - all for which each would have otherwise benefitted in the Deceased as husband and father had his life not been taken prematurely. Moreover, Plaintiffs sustained and continue to suffer from mental anguish brought on by the untimely death dealt the Deceased by Defendants.

5.04   Accordingly, Plaintiffs seek all elements of damages allowed for wrongful death of the Deceased under general maritime law, as supplemented by state law, including: (1) loss of companionship and society; and (2) pecuniary loss, all of which being proximately caused by the negligence of Defendants.

### COUNT THREE: PUNITIVE DAMAGES
Plaintiffs and the Estate of the Deceased

5.05  The deliberate wrongdoing of Defendants amounts to gross negligence so as to show a callous disregard for the rights of others, entitling Plaintiffs and the Estate of the Deceased to punitive damages under general maritime law.

5.06  Accordingly, pursuant to Article 3, Section 2, Clause 1 of the United States Constitution, Plaintiffs and the Estate seek punitive or exemplary damages in an amount not less than THREE TIMES COMPENSATORY DAMAGES in order to punish and deter similar conduct by Defendants Grieg and Billabong and others in the future.

## VI.

## INTEREST

6.01  Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## VII.

## ALLEGATIONS IN SUPPORT OF RULE C ARREST

7.01  Plaintiffs repeat and re-allege all matters averred in the above and foregoing Original Verified Complaint, and for their admiralty in rem claims against the Vessel.

7.02  As a result of the injury and damages complained of herein, Plaintiffs' claims arise from a maritime tort and attach as a maritime lien on said Vessel in favor of Plaintiffs and enforceable *in rem*.

7.03  Accordingly, Plaintiffs seek to enforce their maritime lien pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims.

//
//
//

# VIII.
# **PRAYER**

WHEREFORE, Plaintiffs pray:

a. That a warrant for the arrest of the *M/V STAR EVVIVA* may issue, and that all persons claiming any interest therein may be cited to appear and answer this matter;

b. That a judgment may be entered in favor of Plaintiffs, Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased, Alfredo Soto, Jr., Juan Soto, Amira Soto, and Alonzo Soto, in an amount of each claim to be determined, with interest and costs, and that the *M/V STAR EVVIVA* may be condemned and sold to pay the same; and

c. That Plaintiffs may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

DATED: October 22, 2012

Respectfully submitted,

**GILMAN & ALLISON LLP**

David S. Toy, Esq.
Attorneys for Plaintiffs, Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr.; Juan Soto; Amira Soto; and Alonzo Soto

**OF COUNSEL:**

GILMAN & ALLISON LLP
Douglas T. Gilman, Esq.
Brenton J. Allison, Esq.
Sunrise Lake Center
9307 Broadway, Suite 407
Pearland, TX 77584
Email: dgilman@gilmanallison.com
Email: ballison@gilmanallison.com

Name & Address: David S. Toy, Esq., CA # 168368
Gilman & Allison LLP
Sunrise Lake Center
9307 Broadway, Suite 407
Pearland, TX 77584
Telephone: 888 225 5767

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr.; See attached<br>PLAINTIFF(S)<br>v.<br>M/V STAR EVVIVA, her tackle, apparel, etc., in rem, and GREIG SHIPPING II AS,<br>DEFENDANT(S). | CASE NUMBER<br>**CV12-09093** RGK (SSx)<br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __David S. Toy_____, whose address is __9307 Broadway, Suite 407 Pearland, TX 77584_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __OCT 2 3 2012__

Clerk, U.S. District Court

By: __JULIE PRADO__
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

| | |
|---|---|
| David S. Toy, Esq., CA SBN 168368<br>Email: davidstoyesq@gmail.com<br>Gilman & Allison LLP<br>Sunrise Lake Center<br>9307 Broadway, Suite 407<br>Pearland, TX 77584<br>Telephone:  888 225 5767<br>Facsimile:    866 543 3643<br>Attorneys for Plaintiffs, Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr.; Juan Soto; Amira Soto; and Alonzo Soto | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr.; Juan Soto; Amira Soto; and Alonzo Soto,<br><br>          Plaintiffs,<br><br>     vs.<br><br>M/V STAR EVVIVA, her tackle, apparel, etc., *in rem*, and GRIEG SHIPPING II AS,<br><br>          Defendants. | Case Number:<br><br>_____<br><br>ADMIRALTY - Rule 9(h)<br><br>_____<br><br>**PLAINTIFFS' VERIFIED ORIGINAL COMPLAINT** |

TO THE HONORABLE UNITED STATES DISTRICT/MAGISTRATE JUDGE:

    Plaintiffs[1] file their Verified Original Complaint complaining of the *M/V STAR EVVIVA*, her equipment and appurtenances, etc., *in rem* ["Vessel"], and Grieg Shipping II AS, *in personam*, [sometimes collectively "Defendants"] seeking relief under general maritime law for wrongful death and survival caused by the negligence of said Vessel. Accordingly, Plaintiffs would respectfully show unto this Honorable Court as follows:

---

[1] Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr., Juan Soto, Amira Soto, and Alonzo Soto.

1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> Juanita Soto, Individually and as Personal Representative for the Estate of Alfredo Soto, Sr., Deceased; Alfredo Soto, Jr.; Juan Soto; Amira Soto; and Alonzo Soto | **DEFENDANTS** <br> M/V STAR EVVIVA, her tackle, apparel, etc., in rem, and GREIG SHIPPING II AS |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Gilman & Allison LLP, 9307 Broadway, Suite 407, Pearland, TX 77584 <br> Telephone: 888 225 5767 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
33 U.S.C. section 905(b); Vessel negligence

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: __CV12-09093__

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Norway |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Norway |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Harris Cty, TX |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): /s/ David S. Toy         Date October 22, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |